United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIA DEL ROSARIO SANCHEZ-MATAMOROS, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-5839 |
| | § | |
| vs. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Maria del Rosario Sanchez-Matamoros is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Represented by counsel, Sanchez-Matamoros has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued confinement. (Docket Entry No. 1). On July 30, 2026, the court entered an Order requiring the respondents to file an answer or other appropriate responsive pleading within seven (7) days after the date of service. (*See* Docket Entry No. 4).

On August 7, 2026, the respondents filed a Motion to Stay Proceedings. (Docket Entry No. 5). Citing the order entered on July 21, 2026, in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747 (5th Cir. July 21, 2026), the respondents argue that the instant case should be stayed pending the Fifth Circuit's *en banc* decision on the merits in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557, No. 26-50183 (5th Cir. July 2, 2026). The respondents did not respond to the substance of the § 2241 petition or otherwise provide a justification for the petitioner's continued detention.

This court has already decided that the Fifth Circuit's order staying the judgment of the district courts in the three cases underlying *Sosnova Rodriguez* pending rehearing *en banc* does not amount to a blanket stay on the cases pending before the court asserting due process arguments. *See, e.g.*, *Jose Antonio Leiva-Caballero v. Warden*, Civil Action No. 4:26-cv-4840, Dkt. No. 12 (S.D. Tex., Aug. 17, 2026); *Elizabet Sornosa Carralero v. Warden*, Civil Action No. 4:26-cv-5771, Dkt. No. 6 (S.D. Tex., Aug. 5, 2026); *Bayron Javier Ponce Padilla v. Warden*, Civil Action No. 4:26-cv-5326, Dkt. No. 6 (S.D. Tex., Aug. 3, 2026).

Other district courts in the Fifth Circuit confronted with whether the Fifth Circuit's order of July 21, 2026, requires a stay of the immigration habeas proceedings pending before them have concluded that the July 21 order does not prohibit continued resolution of pending habeas petitions. *See, e.g.*, *Josefa Tiquiram-Us v. Warden, Dilley Immigr. Processing Ctr.*, No. SA-26-CV-04473-OLG, 2026 WL 2242499, at *1 n.1 (W.D. Tex. July 31, 2026) (explaining that "insofar as the interim stay order is precedential, it was issued without any explanation [or] analysis whatsoever, making it impossible to determine its meaning and scope") (citations and internal quotation marks omitted); *Guerra Estrada v. De Anda Ybarra*, No. EP-26-CV-1897-KC, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026) ("Because the stay order does not explain why the competing equities in the three consolidated cases in *Sosnava Rodriguez* warranted a stay, the Court is unable to discern how the balancing of the equities there informs the equities present here. Accordingly, in the interest of 'rational and evenhanded justice' the Court continues to apply its interpretation of the law governing habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b) 'until told to do otherwise.'"); *Gearvis Mercado Leyva v. United States Department of Justice Immigration Court.*, No. 5:26-CV-01196,

2026 WL 2211321, at *1 n.1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed."); *Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026).

Because the respondents have not provided a justification for Sanchez-Matamoros's continued detention, the court will order the respondents to immediately release Maria del Rosario Sanchez-Matamoros from custody.

The court **orders** as follows:

1. The respondents' Motion to Stay Proceedings (Docket Entry No. 5) is **denied.**

2. The petition for a writ of habeas corpus filed by Maria del Rosario Sanchez-Matamoros (Docket Entry No. 1) is **granted** in part.

3. Any other pending motions are **denied as moot**.

4. The respondents are **ordered** to release Maria del Rosario Sanchez-Matamoros from custody, under conditions of release (if any) no more restrictive than those in place prior to the detention at issue in this case, **within 24 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before her release**.

5. The respondents are **ordered** to return to the petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during her detention.

6. If the respondents seek to re-detain the petitioner during the pendency of her removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

7. The parties are further **ordered** to **confer** and **file** a joint status report **by August 24, 2026**, confirming that the petitioner has been released and indicating whether this case may be closed.

SIGNED on August 19, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge